IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN CATHEDRAL,<br><br>Plaintiff,<br><br>v.<br><br>ERICA PAN,<br><br>Defendant. | Case No. 20-cv-03554-CRB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

Christian Cathedral requests a temporary restraining order "enjoining the enforcement of a public health order which allows school graduation ceremonies of up to 25 persons but does not allow religious worship services held with identical numbers and health protocols." Mot. (dkt. 7) at 3. Because the current record does not adequately support Christian Cathedral's crucial factual allegation that Alameda County treats graduation ceremonies and worship services differently, the request for a TRO is denied.

A TRO is an "extraordinary remedy" that should only be awarded upon a clear showing that the plaintiff is entitled to such relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. See id. at 20. Alternatively, the moving party must demonstrate that "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," and that the other two Winter elements are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011). The "[l]ikelihood of success on the merits is the most important Winter factor." Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation marks

omitted).

On the current record, Christian Cathedral fails to satisfy this standard. Its constitutional claims depend on its contention that Alameda County allows in-person graduation ceremonies which comply with certain strict safety protocols, but not in-person worship services that comply with identical requirements. See Mot. at 3. But Christian Cathedral's evidence does not adequately support this allegation.

Because the church has a K-12 school, Patten Academy, it received guidelines for in-person graduation ceremonies from the Alameda County Health Officer. Montgomery Decl. (dkt. 7-1) ¶¶ 7–8. Among other rules, those guidelines require that any attendee showing signs of infection with COVID-19 "enter a separate room . . . and be sent home as soon as possible." Compl. Ex. 1 (dkt. 1-1) at 2. Christian Cathedral surmised from the reference to "a separate room" that an in-person graduation ceremony could itself be held in a room—that is to say, indoors. Mot. at 4. It also reasoned that if an in-person graduation ceremony was allowed, an in-person worship service should be too, so long as it followed the same guidelines. Montgomery Decl. ¶ 8. Christian Cathedral wrote the County to inquire whether in-person worship services could be conducted pursuant to the guidelines issued for graduation ceremonies. Compl. Ex. 2 (dkt. 1-1). The County did not respond. Montgomery Decl. ¶ 8. The church then sent another letter, indicating that it planned to hold both a graduation ceremony and worship services in its sanctuary. Compl. Ex. 3 (dkt. 1-1). The County's Health Officer, Dr. Erica Pan, responded that both events were prohibited by the County's public health orders, because they were to be held indoors. Compl. Ex. 4 (dkt. 1-1). Dr. Pan clarified that only outdoor graduation ceremonies were allowed under the guidelines.[1] Id.

This record does not support Christian Cathedral's contention that worship services are treated less favorably than graduation ceremonies. On the contrary, it shows that the proposed graduation ceremony and worship services were prohibited for the same reason: because they were

---

[1] The Court rejects Christian Cathedral's characterization of Dr. Pan's letter as "walk[ing] back" the rules for graduation ceremonies. See Mot. at 8. It appears that Dr. Pan simply sought to clarify the (unfortunately) ambiguous original guidelines. See Compl. Ex. 4, see also Compl. Ex. 1 at 2.

to be held indoors. Christian Cathedral does not appear to dispute that the Constitution allows identical public health restrictions on worship services and graduation ceremonies. See generally Mot.; see also South Bay United Pentecostal Church v. Newsom, 590 U.S. ___, No. 19A1044, at 2 (2020) (Roberts, C.J., concurring). At most, this record shows that the County promulgated confusing guidelines, not that it violated the First or Fourteenth Amendments.

Because Christian Cathedral has not satisfied the demanding standard for a temporary restraining order, its request is denied. Denial is without prejudice to a later motion for a preliminary injunction based on a more adequate record.

**IT IS SO ORDERED.**

Dated: June 6, 2020

CHARLES R. BREYER
United States District Judge